**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                              :

In re                              :          Chapter 15
                              :

MILLENIUM GLOBAL EMERGING    :
CREDIT MASTER FUND LIMITED, et al. :         Case No. 11-13171 (ALG)
                              :         (Jointly Administered)
     Debtors in Foreign Proceedings.   :
                              :
-------------------------------------------------------x

# MEMORANDUM OF DECISION

A P P E A R A N C E S:

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
*Counsel to Foreign Representatives of Millennium*
*Global Emerging Credit Master Fund Limited and*
*Millennium Global Emerging Credit Fund Limited*
51 Madison Avenue, 22nd Floor
New York, NY 10010
  By:  Susheel Kirpalani, Esq.
         Scott C. Shelley, Esq.
         Robert K. Dakis, Esq.

**ISAACS & EVANS LLP**
*Counsel for BCP Securities, LLC*
521 Fifth Avenue, 17th Floor
New York, NY 10175
  By:  Leigh R. Isaacs, Esq.
         Patti E. Evans, Esq.

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

**Introduction**

The Liquidators of Millennium Global Emerging Credit Master Fund Limited (the "Master Fund") and Millennium Global Emerging Credit Fund Limited (the "Feeder Fund," and together with the Master Fund, the "Funds"), two investment funds undergoing liquidation in Bermuda, have moved for an order compelling production of certain documents by BCP Securities LLC ("BCP"), pursuant to 11 U.S.C. § 1521(a)(4) and Rule 2004 of the Federal Rules of Bankruptcy Procedure. BCP has opposed the motion and has also filed its own motion to vacate this Court's order recognizing the Bermuda proceedings. For the reasons set forth below, the Foreign Representatives' motion is granted, and BCP's motion to vacate the recognition order is denied.

**Background**

A. Liquidation of the Funds in Bermuda and Recognition of the Bermuda Proceedings

The Funds were incorporated in Bermuda to invest in third-world sovereign and corporate debt instruments. In October 2008, the Funds were unable to meet margin calls and the Funds' directors filed "winding-up" petitions with the Supreme Court of Bermuda, which were granted on November 21, 2008 (the "Bermuda Proceedings").

By orders of the Bermuda Court, Charles Thresh, Richard Heis, and Michael Morrison were appointed as joint liquidators (the "Liquidators"). Following their appointment, the Liquidators began an investigation into the financial affairs of the Funds and claimed that certain of the Funds' investments had been over-valued. Thereafter, the Liquidators commenced arbitration proceedings, which are currently pending in the United Kingdom, against certain of the Funds' service providers, but not against BCP, the Funds' broker allegedly involved in these valuations.

On June 30, 2011, the Liquidators filed a petition with this Court for recognition of the Bermuda Proceedings under chapter 15 of the Bankruptcy Code. One of the Liquidators' stated purposes in filing the chapter 15 petition was to pursue discovery against parties in the United States and to commence litigation if indicated. Declaration of Michael Morrison at ¶ 4, Dkt. No. 4. On September 19, 2011, this Court entered an order granting recognition of the Bermuda Proceeding as a foreign main proceeding, or in the alternative, as a foreign nonmain proceeding.[1] BCP, one of the targets of the Liquidators' investigation identified in the chapter 15 petition, vigorously opposed recognition and has appealed this Court's order granting the Bermuda case recognition as a foreign main proceeding. The appeal is pending in the District Court.

B. The Subpoena to BCP and the Present Motions

After obtaining recognition of the Bermuda Proceeding, the Liquidators served a subpoena for the production of documents by BCP. At the request of BCP's former counsel, counsel for the Liquidators agreed to two separate extensions of BCP's deadline for responding to the subpoena. On the date of the second extended deadline, January 18, 2012, the Liquidators' counsel received a call from BCP's present law firm, stating that it was replacing prior counsel and requesting an additional two-week extension to respond to the subpoena. The Liquidators' counsel responded by email, granting the extension on the condition that BCP produce within the following week documents that BCP had provided to the U.S. Securities and Exchange Commission ("SEC"), which had assertedly filed a securities fraud complaint against both a BCP partner and the Funds' former portfolio manager.[2] The Liquidators reasoned that the SEC

---

[1] The Bankruptcy Code defines a "foreign main proceeding" as "a foreign proceeding pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1502(4). The Code defines a "foreign nonmain proceeding" as "a foreign proceeding, other than a foreign main proceeding, pending in a country where the debtor has an establishment." 11 U.S.C. § 1502(5).

[2] The SEC Complaint alleges that between January and October 2008, the Fund's portfolio manager, Michael Balboa, enlisted a BCP partner, Gilles De Charsonville, as a purportedly independent broker "to

3

documents should already be segregated, bates-stamped and ready to produce, so the burden on BCP would be minimal. BCP produced nothing, instead filing responses and objections to the subpoena.

The Liquidators responded with a motion under § 1521(a)(4) of the Bankruptcy Code and Bankruptcy Rule 2004 for an order compelling BCP to produce a subset of the documents requested in the subpoena, namely, "All documents concerning the Funds provided to the SEC by BCP." BCP opposes the motion, arguing that the requested discovery (1) falls outside the scope of discovery authorized by § 1521(a)(4); (2) lacks any nexus with property in the United States; (3) seeks documents relating to a pending arbitration in the United Kingdom; (4) is barred by the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*, and (5) is inappropriate because recognition of the Bermuda Proceeding should not have been granted. In addition, BCP has filed a separate motion seeking to vacate the Court's recognition order, notwithstanding the fact that BCP has separately appealed that very order to the District Court. To date, BCP has not produced any documents to the Liquidators.

## **Discussion**

Chapter 15 provides for the recognition of a foreign proceeding and an ancillary proceeding to provide assistance thereto. After a foreign proceeding is recognized as either a foreign "main" or "nonmain" proceeding, the foreign representative has general access to all courts in the United States. 11 U.S.C. § 1509(b). In addition, § 1521 of the Bankruptcy Code specifies certain relief that can be granted to the foreign representative in the chapter 15 ancillary

---

provide phony mark-to-market quotes for two of the Fund's portfolio securities to the Fund's independent valuation agent . . . and outside auditor . . . in order to inflate the Fund's reported monthly returns and overall net asset value," allegedly generating millions of dollars of management and performance fees. SEC Complaint, Exhibit D to Liquidators' Motion to Compel Discovery, Dkt. No. 81, at ¶¶ 1, 4. BCP says that De Charsonville was not a partner but a "member" because BCP is an LLC and not a partnership.

proceeding, whether main or nonmain. Section 1521(a)(4) provides specifically that the Court may enter an order providing for "the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities." 11 U.S.C. § 1521(a)(4). By its terms, this provision enables a Foreign Representative to take broad discovery concerning the property and affairs of a debtor.[3]

The document request specifically at issue in this motion – documents "concerning the Funds provided to the SEC" by BCP – directly concerns the financial "affairs" of the debtors within the meaning of § 1521(a)(4). In addition, because the requested discovery relates to potential causes of action the Liquidators may assert against BCP, it also concerns contingent property interests of the debtor Funds. *Cf. In re Kane*, 628 F.3d 631, 641 n.7 (3d Cir. 2010) (noting that property of the estate "encompasses contingent property interests such as causes of action"); *iXL Enterprises, Inc. v. GE Capital Corp.*, 167 Fed. Appx. 824, 827 n.2 (2d Cir. 2006) ("the cause of action . . . became the exclusive 'property' of the debtor-in-possession (i.e., iXL) at the moment iXL filed for bankruptcy protection."). Thus, the requested discovery would also qualify as the taking of evidence "concerning the debtors' assets" under § 1521(a)(4).

Because the requested documents plainly concern both the affairs and assets of the debtors, BCP is mistaken when it asserts that discovery should be denied under *In re Glitnir banki hf.*, 2011 WL 3652764 (Bankr. S.D.N.Y. Aug. 19, 2011), which read § 1521(a)(4) to provide for discovery only of matters involving the debtor, rather than the debtor's principals. In any event, while *Glitnir* contrasted the broader language of Bankruptcy Rule 2004, it did not consider the authority of the Bankruptcy Court, under 11 U.S.C. § 1507(a), to "provide additional assistance to a foreign representative under this title [the Bankruptcy Code] or under other laws of the United States." Additional assistance can be provided by making Bankruptcy

---

[3] The word "debtor" when used in chapter 15 means the foreign debtor. 11 U.S.C. § 1502(1).

5

Rule 2004 fully applicable. The Court need not reach this issue on this motion, but the Court notes that one of the main purposes of chapter 15 is to assist a foreign representative in the administration of the foreign estate, *see In re Condor Ins. Ltd.,* 601 F.3d 319, 329 (5th Cir. 2010), which would militate in favor of granting a foreign representative broad discovery rights using the full scope of Rule 2004. This conclusion would be consistent with case law under the predecessor of chapter 15, 11 U.S.C. §304, whose authorization of "other appropriate relief" to a foreign representative was construed to allow for broad discovery. *See, e.g.*, *In re Gee*, 53 B.R. 891 (Bankr. S.D.N.Y. 1985) (granting foreign liquidator discovery to ascertain the existence and location of debtor's assets). Moreover, although chapter 15 is more explicit than § 304 in specifically providing that a foreign representative can request discovery in aid of a foreign proceeding under § 1521(a)(4), there is no authority that chapter 15 was intended to limit the discovery available to foreign representatives. *In re Toft*, 453 B.R. 186, 193 (Bankr. S.D.N.Y. 2011).

At various points, BCP resists discovery on the premise that not it, but its wholly owned Spanish subsidiary, Baer, Crosby and Pike Agencia de Valores, S.A. ("BCP Spain"), participated in the valuation transactions at issue. Because BCP has not denied possession or control of the requested documents, however, the authorship of the documents does not lead to denial of the Liquidators' motion. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii) (authorizing subpoena commanding non-party to produce designated documents "in that person's possession, custody, or control"); *see also United States v. Int'l Union of Petroleum and Indus.Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("A corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls.").

BCP argues that the requested discovery lacks sufficient nexus with the United States because it does not concern the preservation or recovery of property in the United States. Chapter 15, however, is not an independent *in rem* proceeding but an ancillary proceeding designed to assist a foreign representative in administering the foreign estate. *In re JSC BTA Bank*, 434 B.R. 334, 341 (Bankr. S.D.N.Y. 2010). Requests for discovery in chapter 15 need not concern assets in the U.S. to be permissible under § 1521(a)(4). *In re Fairfield Sentry Ltd. Litigation*, 458 B.R. 665, 679 n.5 (S.D.N.Y. 2011) ("section 1521(a)(4), for example, allows for discovery in the United States whether or not a debtor has assets here.").

BCP also argues that discovery is improper under the "pending proceeding rule," asserting that the Liquidators are seeking to use the instant discovery in arbitration proceedings pending in the United Kingdom. The pending proceeding rule provides that once a formal legal case is commenced, "discovery should be pursued pursuant to [that proceeding's rules] and not by Rule 2004." *In re Enron Corp.*, 281 B.R. 836, 841 (Bankr. S.D.N.Y. 2002). The rule reflects a concern that a party to litigation could circumvent an adversary's rights by using Rule 2004 rather than civil discovery to obtain documents or information relevant to the other proceeding. *Id*. Assuming the pending proceeding rule applies to discovery under § 1521(a)(4), the rule is inapposite here. Because BCP is not a party to the U.K. arbitration, BCP cannot complain that the Liquidators are circumventing BCP's rights in that proceeding with their requested discovery. Compare *In re Hughes*, 281 B.R. 224 (Bankr. S.D.N.Y. 2002) (pending proceeding rule not applied), with *In re Board of Directors of Hopewell Int'l Ins. Ltd.*, 258 B.R. 580 (Bankr. S.D.N.Y. 2001) (rule applied).

Next, BCP argues that the Stored Communications Act, 18 U.S.C. § 2701 *et seq.,* which is part of the Electronic Communications Privacy Act (the "Privacy Act"), bars the requested

7

discovery. This argument is specious. The Privacy Act imposes criminal and civil penalties on a person who, *inter alia*, "intentionally accesses without authorization a facility through which an electronic communication service is provided." 18 U.S.C. § 2701(a)(1); *see In re Toft*, 453 B.R. 186, 197 (Bankr. S.D.N.Y. 2011). The Privacy Act has no application as a defense to a motion to compel discovery in a case in court. The fact that the documents requested by the Liquidators may be stored in an electronic format does not immunize them from discovery, nor does the fact that the documents may have been previously produced in a private investigation to the SEC, considering there is no dispute that they are currently in BCP's possession or control. *Cf. In re Uranium Antitrust Litigation*, 480 F.Supp. 1138, 1148 (D.C.Ill. 1979) (compelling defendants to produce documents located abroad where documents were within defendants' control).

Finally, BCP argues that discovery is improper based on its assertion that recognition of the Bermuda proceeding should be vacated; BCP has also filed a separate motion seeking that relief. The Court cannot even consider this argument, however, because BCP has appealed the recognition order. The filing of an appeal divests a bankruptcy court of jurisdiction over all aspects of the case that are the subject of the appeal. *In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994). While the issues relevant to the discovery motion play no part in the appeal, the motion to vacate the order appealed from obviously involves the propriety of that order and the very substance of the appeal. As the Court said in *Prudential Lines*, "a lower court may take no action which interferes with the appeal process or with the jurisdiction of the appellate court. It is equally established, however, that while an appeal of an order or judgment is pending, the court retains jurisdiction to implement or enforce the order or judgment." *Id.* (citations omitted).[4]

---

[4] It would also appear, in any event, that the appeal could have no effect on the Liquidators' discovery motion because BCP on appeal challenged only this Court's finding that the Bermuda Proceeding should

**Conclusion**

For the foregoing reasons, the Liquidators' motion to compel discovery of all documents concerning the Funds that BCP has provided to the SEC is granted, and BCP's motion to vacate recognition is dismissed. The Liquidators may settle an order on three business days' notice.

Dated:   New York, New York
        May 25, 2012

                                              /s/ Allan L. Gropper
                                              UNITED STATES BANKRUPTCY JUDGE

---

be recognized as a foreign main proceeding. It apparently has not challenged the alternative finding of nonmain recognition, which provides an independent basis for the Court's grant of discovery.